543 P.2d 166
**Cathy CALKINS, Plaintiff-Appellant,**
v.
**CITY OF FRUITLAND, Idaho, a Municipal Corporation of the State of Idaho, Defendant-Respondent.**
No. 11816.

Supreme Court of Idaho.
Dec. 2, 1975.

David Lee Posey, Payette, for plaintiff-appellant.

Dwaine L. Welch, Payette, for defendant-respondent.

PER CURIAM:

This is an appeal from an order dismissing plaintiff-appellant's complaint for failure to state a claim. We affirm. Plaintiff complained of alleged damages resulting in December of 1972 from the alleged failure of the defendant-respondent to properly operate its municipal water system. The complaint was filed on the 10th day of December 1974. The only question posed is whether the notice of claim requirements of I.C. § 50–219 and the Idaho Tort Claims Act, I.C. §§ 6–903, 906 and 908 require affirmance of the trial court's order of dismissal.

Appellant's principal argument, as expressed in its amended complaint, is that the city of Fruitland had adequate, sufficient and actual notice of the circumstances and plaintiff's damages and claim therefor to take the case out of the statutory notice of claim requirements. *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969). Appellant is candid in admitting that his theory flies squarely in the face of the recent decisions of this Court in *School District v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975). That decision requires affirmance of the district court's dismissal of the instant cause unless, as appellant urges, we overrule that case. We decline the invitation.

The entire treatment and theory of this case until it reached the stage of oral argument on appeal has been on the theory of tort. It has been suggested that if plaintiff-appellant's complaint sounds in contract, a different result might be obtained. Without pursuing the question of

**264**

the applicability of I.C. § 50–219 to actions in contract, it is only necessary to state that the complaint of plaintiff is devoid of any language suggesting a contract theory of recovery or of facts sufficiently demonstrating a contractual relationship between plaintiff and defendant city. The motion for and order of dismissal were pursuant to I.R.C.P. 12(b)(6) and not under the summary judgment provisions of I.R.C.P. 56. Hence, the only issues raised and subject to the ruling were issues of law. However, plaintiff is not foreclosed from filing an amended complaint sounding in contract within 20 days after the remittitur herein. See; *Lawlor v. Nat'l Screen Service,* 349 U.S. 322, 75 S.Ct. 865, 99 L. Ed. 1122 (1955); 5 Wright & Miller Fed. Prac. § 1357, pp. 611–616; 38 Yale L.J. 299; *Chase v. Rieve,* 90 F.Supp. 184 (D.C.N.Y. 1950); *Nagler v. Admiral Corp.,* 248 F.2d 319 (2nd Cir. 1957); *Dowdy v. Procter & Gamble,* 267 F.2d 827 (5th Cir. 1959).