974 P.2d 503

**Carl William BLASS, Jr.,
Plaintiff–Appellant,**

v.

**COUNTY OF TWIN FALLS, Idaho, and
Magic Valley Regional Medical Center,
Defendants–Respondents.**

**No. 24089**

Supreme Court of Idaho,
Twin Falls, November 1998 Term.

Feb. 18, 1999.

---

Rolig & Peterson, Twin Falls, for appellant. Jeffrey E. Rolig argued.

Tolman Law Office, Twin Falls, for respondents. Jennifer K. Brizee argued.

SCHROEDER, Justice

Carl William Blass, Jr. (Blass) sustained a burn on his back while he was unconscious during surgery on his elbow at the Magic Valley Regional Medical Center which is owned and operated by Twin Falls County (the Hospital). Blass filed suit against the Hospital seeking damages. The district court granted the Hospital's motion for summary judgment on the basis that Blass failed to comply with the notice requirements under the Idaho Tort Claims Act (ITCA). Blass appeals the district court's ruling.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On April 1, 1995, Blass underwent surgery on his elbow while he was a patient at the Hospital. He was unconscious during the surgery. Following the surgery there was a large burn on his back near his armpit which had not been there prior to the surgery. The cause of the burn has not been determined.

A nurse who was present during the surgery prepared an "unusual occurrence" report (Report) which described the burn. Sharon Fischer, the Hospital's Vice–President of Quality Resources, received the report. Fischer telephoned the Blass residence on May 8, 1995, to offer to adjust the hospital bill. She also telephoned the Hospital's insurance adjuster to inform him of her intent to adjust the bill. Thereafter, at the direction of the Hospital's attorney, she interviewed the nurses present at the surgery.

Fischer received a letter dated June 8, 1995, from the Hospital's insurance adjuster to Blass in which the adjuster acknowledged receipt of an invoice from Blass in the amount of $34,000. Blass had provided the invoice to the adjuster at the adjuster's request. Fischer also received a letter dated July 16, 1995, from an attorney for Blass (different counsel from the attorney on appeal), addressed to the insurance adjuster, in which the attorney answered questions posed to Blass by the adjuster. The attorney's letter mentioned pain and suffering and potential disabilities related to the burn and noted that this injury "is not something which occurs unless someone is negligent." Fischer also received an office note forwarded to her by the insurance adjuster from a doctor concerning the burn.

Fischer acknowledged that the insurance adjuster met with the Hospital's Joint Risk Management Committee regarding addition-

al compensation to Blass. The adjuster had contacted Fischer and informed her of what he was finding in regards to his investigation of the case. She understood that he was conferring with legal counsel to come to some resolution of the case. Fischer admitted that the Hospital took the normal and customary steps in investigating an occurrence, and she stated that she did not think the Hospital would have proceeded any differently than it did if it had received a written tort claim notice.

Blass filed suit against the Hospital on December 23, 1996. The Hospital moved for summary judgment on the basis that Blass had failed to file a formal written notice of tort claim with the Hospital within 180 days from the date the claim arose. The district court granted the motion. Blass appeals.

## II.

## STANDARD OF REVIEW

On an appeal from a summary judgment order, this Court applies the same standard of review as that used by the district court when originally ruling on the motion. *Eastern Idaho Agric. Credit Ass'n v. Neibaur,* 130 Idaho 623, 625, 944 P.2d 1386, 1388 (1997). Summary judgment shall be granted if the Court determines that "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Upon review, the Court must liberally construe facts in the existing record in favor of the nonmoving party, and draw all reasonable inferences from the record in favor of the nonmoving party. *Orthman v. Idaho Power Co.,* 130 Idaho 597, 600, 944 P.2d 1360, 1363 (1997). If the Court determines that reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the Court shall deny the motion. *Hines v. Hines,* 129 Idaho 847, 850, 934 P.2d 20, 23 (1997). If the evidence reveals no disputed issues of material fact, only questions of law remain, this Court exercises free review. *Id.*

## III.

## THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT BECAUSE BLASS FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS UNDER THE ITCA.

The Hospital is a governmental entity or political subdivision covered under the ITCA, sections 6–901 through 6–929 of the Idaho Code (I.C.). Section 6–906 provides the following:

> All claims against a political subdivision arising under the provisions of this act . . . shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

A "claim" under the ITCA is "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity. . . ." I.C. § 6–902(7). Section 6–907 describes the contents of a claim:

> All claims presented to and filed with a governmental entity shall accurately describe the conduct and circumstances which brought about the injury or damages, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six (6) months immediately prior to the time the claim arose. . . . A claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby.

The primary function of notice under the ITCA is to "put the governmental entity on notice that a claim against it is being prose-

cuted and thus apprise it of the need to preserve evidence and perhaps prepare a defense." *Smith v. City of Preston,* 99 Idaho 618, 621, 586 P.2d 1062, 1065 (1978).

Blass did not file a formal written notice of tort claim with the Hospital. He argues, however, that he substantially complied with the notice requirements of the ITCA when he submitted written communication of his damages to the Hospital's insurance adjuster who forwarded the communication to the Hospital and the Hospital conducted its own investigation.

The Court rejected a similar "substantial compliance" argument made in *Independent School District of Boise City v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975), which involved facts similar to this case. The Court in *Callister* rejected the claim that there was substantial compliance, although there was notice to the school district's insurance carrier. That portion of the *Callister* decision has not been disturbed in later cases.[1] In addition to notice to the insurance carrier in *Callister,* the school district itself had actual knowledge of the injury including information submitted at the school district's own request.

The decision in *Callister* was consistent with the Court's prior holding in *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348 (1975), in which the Court noted that even though the State knew of and investigated the accidents within hours of their occurrence, there was no indication that the State could have suspected it might be subject to a claim. *Id.* at 716, 535 P.2d at 1353. The Court held that actual notice of the accidents did not exempt the claimant from the notice requirements of the ITCA. *Id.* In *Calkins v. City of Fruitland,* 97 Idaho 263, 263, 543 P.2d 166, 166 (1975), the Court declined the invitation to overrule *Callister.*

Blass relies on *Smith v. City of Preston* in which this Court held that, although the contents of a letter written to the city on behalf of the injured motorist's insurance carrier did not comply with all the notice require-

ments enumerated in the ITCA, the contents of the letter were sufficient to constitute notice to the governmental entity. 99 Idaho at 621–23, 586 P.2d at 1065–67. Based on *Smith,* Blass argues that it makes no difference who submits the notice of claim, as long as some notice was given and the governmental entity was not misled to its injury. However, *Smith* is distinguishable from the case at hand. In *Smith* the insurance carrier which gave notice to the governmental entity was the insurance carrier for the insured motorist and, consequently, had a subrogation claim. The Court held that because the insurance carrier's subrogation claim was derived from and dependent upon successful prosecution of the insured's claim the notice was by necessity also notice of the insured's claim upon which the subrogation request was founded. *Id.* at 622, 586 P.2d at 1066. The insurance carrier in this case was the Hospital's insurance carrier, not Blass' insurance carrier. There was no special relationship between the insurance carrier and Blass which would substitute for direct notice to the governmental entity. This distinction was noted in *Stevens v. Fleming,* 116 Idaho 523, 777 P.2d 1196 (1989). Consequently, a letter from the co-defendant's insurance carrier to the city notifying the city of its intent to seek indemnification from the plaintiffs' claim against the co-defendant did not serve as notice to the city of the plaintiffs' claim against the city. *Id.* at 530–32, 777 P.2d at 1203–05.

In *Friel v. Boise City Housing Authority,* 126 Idaho 484, 887 P.2d 29 (1994), the Court rejected the plaintiff's argument that she had substantially complied with the ITCA notice requirements by notifying the governmental entity's insurance company of her accident and medical expenses. In addition to the notice to the governmental entity's insurance carrier in *Friel,* the plaintiff's son-in-law had orally informed one of the entity's employees that he believed the entity was legally responsible for the plaintiff's damages. *Id.* at 485, 887 P.2d at 30. Despite the entity's

---

1. Westlaw indicates that *Callister* was disapproved by *Larson v. Emmett Joint School District No. 221,* 99 Idaho 120, 577 P.2d 1168 (1978) and *Doe v. Durtschi,* 110 Idaho 466, 716 P.2d 1238 (1986). However, *Larson* and *Doe* dealt with issues different than the issue presented in this case and are not dispositive.

**454**

knowledge of the injury, the Court held that the notice requirements had not been met. *Id.* at 486, 887 P.2d at 31.

In *Avila v. Wahlquist,* 126 Idaho 745, 890 P.2d 331 (1995), the insurance adjuster hired by the State's Bureau of Risk Management visited the plaintiff's home to take her statement and photographs of the plaintiff's automobile which had been rear-ended by an employee of the Idaho Department of Health and Welfare who was driving a state-owned vehicle at the time of the accident. The Court in *Avila* followed the reasoning in *Friel* and held that the claimant's actions of notifying the governmental entity's insurance company of the accident and medical expenses did not satisfy the notice requirements regarding claims against political subdivisions. *Id.* at 748, 890 P.2d at 334.

The district court properly granted summary judgment for the Hospital in this case.

## IV.

## CONCLUSION

The decision of the district court granting summary judgment against Blass for failure to give proper notice of a tort claim is affirmed. Costs are awarded to the Hospital. No attorney fees are allowed.

Chief Justice TROUT, Justices SILAK and WALTERS, and Justice Pro Tem JOHNSON, CONCUR.