90 P.3d 352

**Jacquita D. COX, a widow, and Allen G. Cox Family, LLC., an Idaho limited liability company, as Successor in interest to the Estate of Allen G. Cox, deceased, Plaintiffs–Appellants,**

v.

**CITY OF SANDPOINT, a municipal corporation, Defendant–Respondent.**

**No. 28111.**

Court of Appeals of Idaho.

Nov. 12, 2003.

Finney & Finney, Sandpoint, for appellant. John A. Finney argued.

Scott W. Reed, Coeur d'Alene, for respondent.

GUTIERREZ, Judge.

Jacquita D. Cox and Allen G. Cox Family, LLC. (Cox) sued the City of Sandpoint (the City) for rents due on a contract for the lease of land. The City filed a motion seeking dismissal based on Cox's failure to file a claim for damages pursuant to the Idaho Tort Claims Act (ITCA). After a hearing, the district court granted the motion and dismissed the action with prejudice. Cox appeals from this dismissal. We vacate and remand.

## I.

### FACTS AND PROCEDURE

Burlington Northern, Inc., leased a parcel of land to the City of Sandpoint in 1978 for an indefinite term. The City built a lake water treatment plant on the property. Pursuant to the lease, rent is due annually, on August 1. Burlington Northern assigned its interest in the lease to Glacier Park Company, and Glacier Park assigned its interest to Jacquita and Allen Cox in 1991. Allen Cox died in 1995, and his interest passed to Allen G. Cox Family, LLC. Interest in the lease is now held by Jacquita Cox and Allen G. Cox Family, LLC.

The rental rate was initially set at $7,000 per year, and the lessor could change this rate at any time. In July 1988, Glacier Park gave notice to the City that the rent would increase to $9,200 per year, effective August 1, 1988. On July 24, 1992, Nancy Hadley (Hadley), as agent for Jacquita and Allen Cox, gave notice to the City that rent would increase to $20,000 per year, effective August 1, 1992.

The City failed to pay the rent which was due August 1, 1992. Since then, Cox alleges the City has been in continual breach of the lease. The City paid $9,000 in January 1993. Since that payment, the City has made irregular payments, and adheres to the $9,200 rental term. Hadley mailed a statement of the account to the City at some point. In May 1993, counsel for Cox notified the City of the failure to make payment pursuant to the lease and demanded payment of $11,000 plus interest. Counsel for the City responded to this letter that same month, requesting a rental term of $10,000. Counsel for Cox replied to the City in June 1993, rejecting the proposed rental price and again demanding payment of the $11,000 which Cox asserted was due.

Hadley mailed a billing statement to the City for the August 1, 1993, payment due. In October 1995, the City contacted Cox by letter, indicating that negotiations on the lease had fallen apart, the City would not accept the $20,000 rental term, and that $9,200 was an excessive price. In 1996 there were further attempts at resolving the problem between the parties. Such attempts apparently met with no success. Hadley mailed billing statements to the City every successive August 1.

Cox filed suit against the City of Sandpoint in September 2001, seeking money damages for the City's alleged failure to pay the rent, plus interest on the monies due. The City filed a motion to dismiss, arguing that Cox failed to file a claim pursuant to Idaho Code § 50–219, which requires a claimant to follow the ITCA, chapter 9, title 6, of the Idaho Code, before filing a lawsuit for damages against a city. Cox responded with a brief opposing the motion, and attached affidavits from Hadley and counsel, Gary A. Finney.

Cox argued that they had complied with the requisite notice of claim requirement of the ITCA. Alternatively, Cox argued that the terms of the lease governed, not I.C. § 50–219 or the ITCA, and that I.C. § 50–219 was unconstitutional. Following briefing and a hearing, the district court granted the motion to dismiss, finding that I.C. § 50–219 and the ITCA were the governing law, that I.C. § 50–219 was not unconstitutional, and that Cox had failed to file a tort claim. Cox appeals.

## II.

### STANDARD OF REVIEW

Where a motion is captioned as a motion to dismiss but the court looks to evidence outside the pleadings, the motion is more properly treated as a motion for summary judgment under I.R.C.P. 56(c). *See* I.R.C.P. 12(b) and 12(c); *Thomson v. City of Lewiston*, 137 Idaho 473, 476, 50 P.3d 488, 491 (2002); *Merrifield v. Arave*, 128 Idaho 306, 307, 912 P.2d 674, 675 (Ct.App.1996). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discov-

ery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick v. Elder,* 126 Idaho 308, 312, 882 P.2d 475, 479 (Ct.App.1994).

## III.

## COX'S CLAIM FOR DAMAGES

The district court granted summary judgment ruling that Cox had failed to file a tort claim. Cox argues that they fulfilled the legal requirements for filing a claim against the City and therefore, the grant of summary judgment was improper. Specifically, Cox argues: (1) that the notice provision of the ITCA was not applicable to this action because the lease expressly waived the notice requirement; (2) that I.C. § 50–219 was not applicable to this action because it is unconstitutional for violation of Article III, § 16 of the Idaho Constitution, which requires unity of title and subject for all acts of the state legislature; (3) that they fulfilled the requirements of I.C. § 50–219 and the ITCA. Additionally, Cox argues that the district court's award of attorney fees to the City was improper.

### A. Waiver of Notice Provision

■■ Cox argues that the notice provision of I.C. § 50–219 was waived by the express terms of the lease, specifically by paragraph fourteen of the lease. Paragraph fourteen, in pertinent part, grants to the lessor the right to re-enter the property upon the breach or non-performance of the lease by the lessee, after giving ten days written notice of intent to re-enter. Paragraph fourteen does not mention the ITCA and is silent regarding any express waiver of rights possessed by the City under state law. A waiver is a voluntary, intentional relinquishment of a known right or advantage. *Dennett v. Kuenzli,* 130 Idaho 21, 26, 936 P.2d 219, 224 (Ct.App.1997). We conclude that paragraph fourteen of the lease is insufficient to constitute a waiver of the notice provision imposed through I.C. § 50–219.

### B. Constitutionality of Idaho Code § 50–219

■ Idaho Code § 50–219 provides that "All claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code." Cox argues that the legislative adoption of I.C. § 50–219 violates the unity requirements of Article III, § 16 of the Constitution of the State of Idaho because the title of the enacting legislation did not fairly identify the content of the act. Article III, § 16 states:

§ 16. Unity of subject and title

Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.

■ Section 16 does not require the title of a bill to track every provision of the text. *Cheney v. Smith,* 108 Idaho 209, 210, 697 P.2d 1223, 1224 (Ct.App.1985). The purpose of the unity requirement is to:

prevent fraud and deception in the enactment of laws and to provide reasonable notice to the legislators and the public of the general intent and subject matter of the act. As such, the title of the legislative act need not serve as a catalog or index to the subject matter of the act, but need only set forth the general subject.... The body of the act ... [may] not encompass subjects which are not germane to or which are incongruous with the title.

*Id.* (quoting *Kerner v. Johnson,* 99 Idaho 433, 452, 583 P.2d 360, 379 (1978) (citations omitted)). "The law is settled that to warrant the nullification of a statute because its subject is not expressed in its title as required by this constitutional section 'the violation must not only be substantial, but plain, clear, manifest and unmistakable.' " *Kerner,* 99 Idaho at 452, 583 P.2d at 379 (quoting *Golconda Lead Mines v. Neill,* 82 Idaho 96, 103, 350 P.2d 221, 224–25 (1960)).

Idaho Code § 50–219 was enacted in 1967, by legislation which begins with the title: "Providing a comprehensive recodification and revision of the laws of the State of Idaho relating to municipal corporations." 1967 Idaho Sess. Laws ch. 429. The title then lists over twenty specific matters embraced by the 1967 Act, including one identified as "Providing for general provisions and powers of cities." *Id.* In 1983, section 50–219 was amended to read as it does today. 1983 Idaho Sess. Laws ch. 93, § 1. The 1983 Act is titled "An act relating to claims for damages against a city; amending section 50–219, Idaho Code, to conform with the provisions of the tort claims act." *Id.* The Act's 1967 and 1983 titles encompass the subject matter of damage claims against cities and serve to fairly identify the content of the Act.

Thus, we are not persuaded to declare section 50–219 unconstitutional. Cox has not shown a "substantial, ... plain, clear, manifest and unmistakeable" violation of the unity requirement imposed by Article III, § 16. Therefore, compliance with the ITCA in bringing a claim for damages against the City is required by section 50–219.

## C. Cox's Claim under the ITCA

Cox argues that the letters and billing statements sent by Cox to the City are sufficient "claims" to preclude summary judgment. Included in the record is the letter from counsel for Cox, dated May 19, 1993, demanding payment pursuant to the lease. Also included in the record is the affidavit of Hadley, in which she swears that she annually mailed billing statements to the City. The billing statements are attached as an exhibit to the affidavit.

Notice of a claim for damages against a city, whether grounded in tort, contract or otherwise, falls under the "all claims" language of I.C. § 50–219. Therefore all claims for damages filed against a city must meet the notice requirements of the ITCA. *Magnuson Properties P'ship v. City of Coeur d'Alene,* 138 Idaho 166, 170, 59 P.3d 971, 975 (2002); *Sweitzer v. Dean,* 118 Idaho 568, 572–73, 798 P.2d 27, 31–32 (1990). *See also Thompson v. City of Idaho Falls,* 126 Idaho 587, 887 P.2d 1094 (Ct.App.1994) (applying I.C. § 6 907 to a claim against a city for damages arising from a contractual relationship).

There is no express format for a claim under the ITCA. Idaho Code § 6–907 specifies what a claim must include:

All claims presented to and filed with a governmental entity shall accurately describe the .conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six (6) months immediately prior to the time the claim arose. If the claimant is incapacitated from presenting and filing his claim within the time prescribed or if the claimant is a minor or if the claimant is a nonresident of the state and is absent during the time within which his claim is required to be filed, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant. A claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby.

The primary function of notice under the ITCA is to "put the governmental entity on notice that a claim against it is being prosecuted and thus apprise it of the need to

preserve evidence and perhaps prepare a defense." *Blass v. County of Twin Falls,* 132 Idaho 451, 452–453, 974 P.2d 503, 504–05 (1999) (quoting *Smith v. City of Preston,* 99 Idaho 618, 621, 586 P.2d 1062, 1065 (1978)). In *Smith v. City of Preston,* the Idaho Supreme Court addressed whether a letter sent by the claimant's insurance carrier could constitute a sufficient notice of claim. The Court stated that the letter did not comply with all the requirements enumerated in section 6–907, but held that the letter as served constituted sufficient notice of a claim because of the express language of section 6–907: "(a) claim ... shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby." *Smith,* 99 Idaho at 621, 586 P.2d at 1065.

The correspondence from Cox to the City included letters and billing statements. The May 1993 letter read as follows:

City of Sandpoint

110 Main street

Sandpoint, Idaho 83864

Re: Water Plant Lease to City of Sandpoint

Our File No. 5182–10

Dear City of Sandpoint:

I represent Allen G. Cox and Jacquita D. Cox who are the successors in interest to the Lessor, Burlington Northern, Inc., pursuant to the Lease No. 229,079 to the City of Sandpoint, Lessee.

On July 24, 1992, you were given notice of the rental rate being $20,000.00 effective August 1, 1992. The rental payment was due, in advance, on August 1, 1992. The City did not pay anything when due, but did pay $9,000.00 about January 28, 1993. Please be advised that,

1. The rental sum was due August 1, 1992 of $20,000.00.

2. Late payments incur interest from the due date until paid at 12 percent per annum by *Idaho Code* § 28–22–104.

3. The next rental payment is due on August 1, 1993, and it is requested that you make it when due.

At this time, please pay the $11,000.00 remainder of the payment that was due August 1, 1992. Also, please pay the 12 percent accrued interest on $20,000.00 from August 1, 1992 to January 28, 1993, and on $11,000.00 from January 28, 1993 until paid.

If you have any questions or concerns, please give me a call.

Very truly yours,

GARY A. FINNEY

Attorney at Law

This letter from the Cox's attorney and addressed to the City describes the conduct and circumstances which brought about a claimed injury to Cox. The letter describes the injury in monetary terms, and includes dates relevant to the alleged injury. The letter specifically demands payment of a specific amount with interest due. Additionally, the annual billing statements addressed to the City also identify the lease by number and the parties to the lease. They track by date the imposition of rent, the accrual of interest, the payments made by the city, and, therefore, the city's failure to pay, which is the alleged cause of the injury.

Liberally construing all controverted facts and drawing all reasonable inferences in favor of Cox, we conclude that the letters and billings served on the City are sufficient under the ITCA to preclude a grant of summary judgment on the only ground asserted by the city—that it received no notice of claim that could satisfy the requirements of I.C. § 50–219 and the ITCA. Therefore, we vacate the district court's grant of summary judgment in favor of the city.

In rendering this decision, we recognize that there may be flaws in these notices of claim, but such flaws will render the notices insufficient only if the City "was in fact misled to its injury thereby." I.C. § 6–907. Whether any flaws in Cox's notices of claim were misleading to the City is not an issue raised by the City's summary judgment motion or considered by this Court. The City is not precluded from asserting such on remand. We also emphasize that the timeliness of these notices under I.C. § 6–906 or of Cox's lawsuit under the statute of limitations

were not challenged in the City's summary judgment motion and, therefore, are not addressed here nor barred from consideration on remand.

## IV.

### ATTORNEY FEES

 Because we vacate the grant of summary judgment, the district court's award of costs and attorney fees is also vacated.

Both parties request an award for attorney fees on appeal. Cox is the prevailing party on appeal but it remains to be seen whether Cox will be the prevailing party in the action, and, therefore, entitled to attorney fees under I.C. § 12–120(3) and I.A.R. 41. The district court, upon final resolution of the case, may consider fees incurred on appeal when it makes an award to the prevailing party. As a matter of right, costs on appeal are awarded to Cox under I.A.R. 40.

## V.

### CONCLUSION

We vacate the district court's order of dismissal, and judgment for costs and attorney fees in favor of the City of Sandpoint, and remand to the district court for further proceedings. Cox, as the prevailing party on appeal, is awarded costs on appeal.

Chief Judge LANSING, and Judge Pro Tem McLAUGHLIN concur.