# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41560

MERCEDES ELINA TURNER,

    Plaintiff-Appellant,

v.

CITY OF LAPWAI,

    Defendant-Respondent,

Boise, November 2014 Term

2014 Opinion No. 124

Filed: November 28, 2014

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

The judgment of the district court is affirmed.

Brassey, Crawford & Howell, PLLC, Boise, for appellant. Matthew G. Gunn argued.

Clements, Brown & McNichols, P.A., Lewiston, for respondent. Joshua D. McKarcher argued.

---

J. JONES, Justice

Mercedes Turner filed suit against her former employer, the City of Lapwai ("the City"), claiming that she was owed unpaid compensation and reimbursement for certain expenses incurred during her employment. The City moved for summary judgment, arguing that Turner's claim for unpaid compensation was barred by the applicable statute of limitations and that both claims were barred because Turner failed to provide adequate notice of her claims as required by Idaho Code section 50-219. The district court granted summary judgment in favor of the City, holding that Turner failed to provide adequate notice of her claims. Turner timely appealed.

## I.
## FACTUAL AND PROCEDURAL HISTORY

Mercedes Turner was hired by the City of Lapwai in May of 2006 to serve primarily as the City's clerk and treasurer. According to Turner, she was paid an annual salary for a thirty-five hour work week, but earned an hour of compensatory time ("comp time")—to be paid when

1

her employment with the City ended—worth 1.5 times her normal hourly salary for each additional hour she worked per week. When she left her employment with the City in January of 2011, Turner claims that she was owed compensation for 84 hours of wages, 611 hours of vacation time, sick leave in an unspecified amount, and 898.25 hours of comp. time, as well as reimbursement for expenses she incurred on behalf of the City during her employment. The City subsequently paid Turner the 84 hours of unpaid wages, but has not compensated her for the comp. time, vacation time, and sick leave, or reimbursed her for expenses.

Turner's last day of employment was January 20, 2011. On that day, in a fax sent from the city clerk's office to someone named "Kim," Turner calculated her accrued hours, comp. time, vacation time, and sick leave. Turner asks Kim to review the calculations and includes a number of documents from the City's payroll system purporting to show that Turner earned the compensation she claimed to be owed. According to the City, Kim is an employee of a private firm that provides the City auditing services. Turner does not provide any indication as to Kim's identity. There is no evidence that Kim, or anyone else, responded to Turner's fax.

Turner next sent a letter dated February 1, 2011, to the then-Mayor of Lapwai, Ricky Hernandez. The letter very briefly discusses a variety of matters. With respect to the amounts Turner claims she is owed, the letter notes that she has not received her final check from the City and that she has not received travel reimbursement for certain periods. On February 2, 2011, the City issued Turner a check to compensate her for 84 hours of wages, but not for comp. time, vacation time, sick leave, or any expenses.

On February 28, 2011, Turner sent an email to Antonio Smith, a member of the Lapwai city council. Attached to the email was a letter in which Turner asks Smith to assist her in "obtaining closure" with a variety of matters. She requests reimbursement for certain mileage claims and references a number of documents that she asserts would verify the legitimacy of those claims. She requests reimbursement "for the bank deposits [she] made during January 2011" and payment for her vacation and comp. time. With respect to her unpaid vacation and comp. time, Turner notes that she recently filed a claim with the United States Department of Labor regarding the City's failure to make such payment. In response, Smith directed Turner to "the office" as being in a better position to help with Turner's requests. According to the City, "the office" is a reference to the city clerk's office.

Next, Mayor Hernandez sent a letter to Turner dated March 21, 2011. That letter states, in

its entirety, that:

> the City of Lapwai is currently reviewing your final request for reimbursement of comprehensive [sic] time and other reimbursable items. The City has retained an outside accounting service to assist in our review of your request. To date, we have provided you with the amount that is not in dispute, but until the completion of this review we will be unable to provide you with the entity [sic] of the requested compensation. We anticipate that this review will take another thirty (30) days and we will notify you upon the completion of the review. We appreciate your understanding in this matter.

The record does not reference any additional communication between Turner and the City.

Turner filed suit on December 21, 2012, stating two claims, a claim under Idaho Code section 45-606 for her accrued comp. time, vacation time, and sick leave, and a claim for the reimbursement of travel and other expenses incurred on behalf of the City. The City moved for summary judgment arguing that both claims were barred because Turner failed to provide notice to the City as required by Idaho Code section 50-219 and the Idaho Tort Claims Act. The City also argued that Turner's claim for unpaid compensation was barred by the six-month statute of limitations in Idaho Code section 45-614, governing actions for unpaid wages.

The district court granted the City's motion for summary judgment. The court did not address the City's argument concerning the statute of limitations in Section 45-614, but held that both of Turner's claims were barred because she failed to provide the City proper notice. The court found that Turner's communications with the City were not directed to the city clerk, did not provide Turner's address, did not specify the amount of damages Turner claimed, did not detail the nature of her claims, and did not put the City on notice of a pending suit. The district court entered judgment and Turner timely appealed. We affirm because Turner failed to file her claim with the city clerk as required by Idaho Code sections 50-219 and 6-906. Consequently, the other issues raised on appeal by Turner and the City need not be addressed.

## II.
## ANALYSIS

### A. Standard of Review

"Appellate review of a district court's ruling on a motion for summary judgment is the same as that required of the district judge when ruling on the motion." *Steele v. Spokesman– Review*, 138 Idaho 249, 251, 61 P.3d 606, 608 (2002). Summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "This Court will liberally construe all disputed facts

in favor of the nonmoving party, and all reasonable inferences that can be drawn from the record will be drawn in favor of the nonmoving party." *Porter v. Bassett*, 146 Idaho 399, 403, 195 P.3d 1212, 1216 (2008). "Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented." *McPheters v. Maile*, 138 Idaho 391, 394, 64 P.3d 317, 320 (2003).

## B. The district court did not err when it granted the City's motion for summary judgment.

Idaho Code section 50-219 provides that "[a]ll claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code"—the Idaho Tort Claims Act ("ITCA"). Though the ITCA is directed specifically to tort claims, this Court has construed Section 50-219 "to require that a claimant must file a notice of claim for all damage claims, tort or otherwise, as directed by the filing procedure set forth in I.C. § 6-906 of the [ITCA]." *Sweitzer v. Dean*, 118 Idaho 568, 572, 798 P.2d 27, 31 (1990). Such a notice "shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6-906. A claim is "any written demand to recover money damages from a governmental entity . . . ." I.C. § 6-902(7). In addition to being timely filed with the clerk or secretary, claims must provide certain information:

> All claims presented to and filed with a governmental entity shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six (6) months immediately prior to the time the claim arose.

I.C. § 6-907.

"No claim or action shall be allowed against a governmental entity . . . unless the claim has been presented and filed within the time limits prescribed by [the ITCA]." I.C. § 6-908. *See also Newlan v. State*, 96 Idaho 711, 716, 535 P.2d 1348, 1353 (1975) (holding that "compliance with a notice of claim requirement is mandatory and without such compliance a suit may not be maintained"). "The primary function of notice under the ITCA is to put the government entity on notice that a claim against it is being prosecuted and thus apprise it of the need to preserve evidence and perhaps prepare a defense." *Blass v. County of Twin Falls*, 132 Idaho 451, 452–53, 974 P.2d 503, 504–05 (1999) (internal quotation marks omitted) (quoting *Smith v. City of*

4

*Preston*, 99 Idaho 618, 621, 586 P.2d 1062, 1065 (1978)). Notice also provides the parties an opportunity for an amicable resolution of their differences. *Farber v. State*, 102 Idaho 398, 401, 630 P.2d 685, 688 (1981).

Turner argues that her three attempts to communicate with the City collectively satisfied the requirements of the ITCA. Turner is incorrect. Even setting aside deficiencies in the content of those communications,[1] none were filed by Turner with the city clerk's office. Idaho Code section 6-906 requires that a claim must "be filed with the clerk or secretary of the political subdivision . . . ." Turner communicated with an independent auditing firm, the then-Mayor of Lapwai, and a single member of the Lapwai city council. In an affidavit submitted in support of summary judgment, the city clerk who began in that position on the day that Turner left it testified that he did not communicate with Turner regarding her claims and that none of Turner's communications were filed in the clerk's office.[2] Because Turner has not provided evidence to refute that claim, there is no dispute that Turner's claims were not filed with the city clerk's office.

Turner argues in two ways that she nevertheless provided adequate notice under the ITCA. First, she argues that, though she did not file her notice with the city clerk, she did better than that by communicating directly with higher ranking officials who were in a position to resolve her dispute with the City. Second, and relatedly, she argues that even if her notice was technically deficient in certain respects—for instance by not having been filed with the city clerk—the City was not misled or prejudiced by such deficiencies. Because Section 6-907 includes a provision that forgives certain deficiencies in the notice provided by a plaintiff absent a showing of prejudice by the governmental entity, Turner claims that her notice was adequate even if deficient.

As to Turner's first argument, the clear terms of Section 6-906 require that claims be filed with "the clerk or secretary of the political subdivision . . . ." That section does not state that a

---

[1] The parties dispute whether a series of communications can collectively satisfy the requirements of the ITCA, or whether the ITCA requires that all of the required information be included in a single communication. The parties also dispute whether, assuming a series of communications can satisfy the requirements of the ITCA, Turner's communications, taken collectively, included all of the information required by the ITCA. Because this case can be resolved without addressing those questions, the Court expresses no views regarding their answers.

[2] Turner did not argue that because she was the city clerk when she sent her initial fax on her last day of employment, the city clerk was on notice at that time as to her claims. Because Turner did not make any such argument, this Court will not address it.

claim may alternatively be filed with any higher ranking official or with any official who is in a position to resolve the dispute at issue. By requiring the filing of claims with a particular party, the Legislature eliminated a difficult case-by-case inquiry into whether a communication with one official or another provided adequate notice to the political subdivision. Even if it were clear that Turner communicated with officials who were in a position to resolve her claim, and the City disputes that suggestion, endorsing Turner's position would invite the sort of case-by-case inquiry the Legislature apparently intended to eliminate by requiring that the claim be filed with the secretary or clerk of the political subdivision.

Turner relies upon two cases for the contrary proposition. In *Huff v. Uhl*, 103 Idaho 274, 647 P.2d 730 (1982), a plaintiff was involved in a vehicular accident with an employee of the Minidoka Irrigation District. *Id.* at 275, 647 P.2d at 731. The plaintiff brought estimates for the repair of his vehicle to the office of the irrigation district and handed those estimates to the receptionist who immediately showed them to the secretary of the irrigation district. *Id.* This Court held that the plaintiff filed his claim in accordance with the Section 6-906. *Id.* at 732–33. Turner argues that *Huff* supports her view that a claim need not be delivered directly to the clerk or secretary of the political division because the plaintiff in Huff delivered his claim initially to a receptionist in the political subdivision's office, and not the secretary of the political subdivision. In holding that the plaintiff in *Huff* complied with Section 6-906, this Court emphasized that the plaintiff delivered his claim to the correct office and the receptionist immediately took the claim and discussed it with the secretary of the political subdivision. *Id.* Turner, by contrast, never communicated with the city clerk's office and the city clerk was never notified of her claims. *Huff* does not support the view that Turner complied with Section 6-906.

Turner also cites *Cox v. City of Sandpoint*, 140 Idaho 127, 90 P.3d 352 (Ct. App. 2003), in support of her view that a plaintiff can comply with Section 6-906 without filing her claim directly with the clerk or secretary of the relevant political subdivision. In *Cox*, the plaintiff and the plaintiff's attorney mailed a series of letters addressed to the City of Sandpoint. *Id.* at 131–32, 90 P.3d at 356–57. The question before the Court of Appeals was whether the letters complied with the requirements of Section 6-907, and the court held that they did so. *Id.* That holding provides no support for Turner's views regarding Section 6-906, however. The court in *Cox* simply did not consider whether the letters were properly filed in accordance with Section 6-906. The only discussion of Section 6-906 in the court's opinion is to note that the court did not

consider whether the claim was filed within the time provided by that section. *Id.* at 132–33, 90 P.3d at 357–58. Because the Court of Appeals did not address Section 6-906, *Cox* provides no support for any views regarding how or with whom a claim must be filed under that section.

Turner next argues that, because the City was not prejudiced by her failure to file her claims with the city clerk, Section 6-907 cures that failure. Section 6-907 provides that "[a] claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby." According to Turner, the March 21, 2011, letter from then-Mayor Hernandez to Turner demonstrates that the City was not prejudiced by Turner's failure to file her claims with the city clerk because the letter shows that the City was aware of and was investigating Turner's claims. The City does not argue that it was prejudiced by Turner's failure to file her claim with the city clerk.

Even so, the provision of Section 6-907 relied upon by Turner applies only to deficiencies with respect to the requirements of that section and not to the failure to comply with Section 6-906. Section 6-907 requires that a variety of information be included in claims filed pursuant to the ITCA. The most natural reading of the provision of Section 6-907 cited by Turner is to excuse inaccuracies with respect to that information, but not excuse deficiencies with respect to other requirements of the ITCA. There are two reasons to read the provision in this way. First, the provision states that "[a] claim filed under *the provisions of this section* shall not be held invalid" as a result of certain deficiencies, absent a showing of prejudice. The reference to the provisions of this section suggests that the Legislature was concerned with the effect of inaccuracies in the information required by Section 6-907, not with failings concerning requirements found elsewhere in the ITCA. Second, the provision states that, absent a showing of prejudice, a claim will not be held invalid as a result of "an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise . . . ." The time, place, nature, and cause of the claim are items of information required to be in the claim by Section 6-907. "Where a statute contains specific terms followed by a general term, the latter will typically be regarded as referring to things of a like class to those particularly described in order to determine legislative intent." *State ex rel. Wasden v. Daicel Chem. Indus., Ltd.*, 141 Idaho 102, 109, 106 P.3d 428, 435 (2005). The most natural reading of "or otherwise" is to excuse inaccuracies, like those already listed, in the other information required by Section 6-907, not as applying to failings with respect

7

to requirements found elsewhere in the ITCA. It would be particularly strange to apply this provision to cure the failure to file a claim with the city clerk as such a failure cannot reasonably be construed as an "inaccuracy" of any sort.

Turner relies on *Huff* for her view that Section 6-907 can forgive deficiencies with respect to requirements found elsewhere in the ITCA. In *Huff*, the irrigation district argued that the repair estimates delivered by the plaintiff to the irrigation district office did not constitute a "claim" under Idaho Code section 6-902(7) because the estimates did not contain a written demand for damages. 103 Idaho at 276, 647 P.2d at 732. This Court referenced Section 6-907 and the fact that the irrigation district was not prejudiced by the absence of a written demand for damages to conclude that the repair estimates constituted a claim under Section 6-902(7). It is unclear whether the result in *Huff* depended entirely upon this reasoning. The Court might have concluded that the repair estimates constituted a written demand for damages without reference to Section 6-907. To the extent that *Huff* relied on Section 6-907 to cure a deficiency with respect to a requirement found elsewhere in the ITCA, we hold, for the reasons articulated above, that that decision was in error.

Furthermore, this Court has held that the failure to file a claim in accordance with Section 6-906 bars that claim even if the relevant political subdivision was not prejudiced by the failure. In *Blass v. County of Twin Falls*, 132 Idaho 451, 974 P.2d 503 (1999), a patient sued a hospital for injuries sustained during a surgery. *Id.* Prior to filing suit, the patient and the patient's attorney corresponded with the hospital's insurance adjuster regarding a potential claim. *Id.* The hospital was aware of the content of these communications, conducted an independent investigation of the incident, and acknowledged that it would not have conducted itself differently had the plaintiff properly filed the claim with the secretary or clerk of the political subdivision. *Id.* at 451–52, 974 P.2d at 503–04. This Court held that the claim was barred because the plaintiff failed to file it as required by Section 6-906, despite the absence of any prejudice to the defendant as a result of that failure. *Id.* at 453–54, 974 P.2d at 505–06.

Because Turner did not file her claims with the city clerk as required by Idaho Code sections 50-219 and 6-906, those claims are barred and the district court properly dismissed them on summary judgment. As a result, the Court need not address the City's alternative argument that Turner's wage claim is barred by the statute of limitations in Idaho Code section 45-614. Though Turner requests attorneys' fees on appeal, as the losing party she is not entitled to them.

## III.
## CONCLUSION

The judgment of the district court is affirmed. Costs to the City.


Chief Justice BURDICK, Justices EISMANN and HORTON, and Justice Pro Tem WALTERS CONCUR.