IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43005

| | | |
|---|---|---|
| CNW, LLC, an Idaho limited liability company, | ) ) ) | |
| | ) | Idaho Falls, September 2016 |
| Plaintiff-Appellant, | ) | Term |
| | ) | |
| v. | ) | 2016 Opinion No. 126 |
| | ) | |
| NEW SWEDEN IRRIGATION DISTRICT, an irrigation district, | ) ) | Filed: November 3, 2016 |
| | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF IDAHO FALLS, a municipal corporation, and DOE DEFENDANTS 1 THROUGH 6, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

The judgment dismissing this action is <u>vacated</u> and the case is <u>remanded</u>.

Hearn & Wood and Racine Olson Nye Budge & Bailey, Chartered, Idaho Falls, for appellant.

Hall Angell Starnes, LLP, Idaho Falls, for respondent.

---

ON THE BRIEFS

HORTON, Justice.

This is an appeal from the district court's order granting summary judgment and dismissing CNW LLC's (CNW) lawsuit against New Sweden Irrigation District (NSID). The district court held that CNW had failed to comply with the notice requirements of Idaho Code section 6-906. We vacate the judgment dismissing this action and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

CNW owns an office building in the Taylor's Crossing business subdivision in Idaho Falls. In mid-June of 2012, a sinkhole developed under the parking lot of CNW's building. It was later determined that the sinkhole was caused by water from Porter Canal infiltrating an abandoned sewer line and eroding the soil under the parking lot. Porter Canal is owned and operated by NSID. The abandoned sewer line is owned by the City of Idaho Falls (City).

On July 18, 2012, CNW's attorney contacted NSID's president, Lou Thiel, to discuss the sinkhole. Mr. Thiel informed CNW's attorney that he should contact Jerry Rigby, NSID's attorney, regarding the sinkhole. From July to October 2012, CNW and NSID communicated about the sinkhole exclusively through Mr. Rigby. On October 18, 2012, CNW sent a notice of tort claim to NSID which was addressed to "New Sweden Irrigation District c/o Jerry R. Rigby" and mailed to Mr. Rigby's office in Rexburg.

After receiving the notice, Mr. Rigby forwarded it to NSID's secretary, DeLillian Reed. When she received the notice, Ms. Reed forwarded the claim to NSID's insurance carrier. Ms. Reed also sent a letter to CNW. This letter confirmed that Ms. Reed had received the notice that CNW sent to Mr. Rigby and informed CNW that Mr. Rigby did not represent NSID in connection with the matter. Ms. Reed requested that future communications be directed to NSID. Ms. Reed informed CNW that, if it wished to file a notice of tort claim, it would need to fill out an additional form and return it to NSID. The letter included a form for CNW to complete and return. CNW ceased communicating with Mr. Rigby but did not return the form to Ms. Reed.

At this time, NSID denied responsibility for the sinkhole. On October 30, 2012, CNW served the City with a notice of tort claim. On December 5, 2012, NSID admitted that it had worked on the Porter Canal in the spring of 2012. Prior to this date, NSID had repeatedly denied performing any work on the canal.

CNW filed this lawsuit against NSID and the City on December 19, 2012. On January 25, 2013, CNW served NSID with an amended notice of tort claim. NSID moved for summary judgment on September 29, 2014.

On December 31, 2014, the district court granted NSID's motion for summary judgment. The district court found that CNW's letter of October 18, 2012, was not sufficient to satisfy the requirements of the Idaho Tort Claims Act (ITCA). The district court also found that the 180 day time limit expired before CNW served the amended notice of tort claim in January.

CNW filed a motion asking the district court to reconsider the grant of summary judgment. After a hearing, the district court denied the motion. CNW timely appealed.

## II. STANDARD OF REVIEW

"Appellate review of a district court's ruling on a motion for summary judgment is the same as that required of the district judge when ruling on the motion." *Turner v. City of Lapwai*, 157 Idaho 659, 661, 339 P.3d 544, 546 (2014) (quoting *Steele v. Spokesman-Review*, 138 Idaho 249, 251, 61 P.3d 606, 608 (2002)). Summary judgment is proper when, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). "The burden of establishing the absence of a genuine issue of material fact rests at all times with the party moving for summary judgment." *Van v. Portneuf Medical Center*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009). "On review, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor." *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995).

## III. ANALYSIS

There are some issues which are not in dispute. First, neither party disputes that the ITCA applies to CNW's claim against NSID. Next, NSID does not dispute that the October 18, 2012, letter contained sufficient information to qualify as a notice of tort claim under Idaho Code section 6-907. Finally, it is not disputed that NSID's secretary, DeLillian Reed, received the notice of tort claim.

The primary disputed issue is whether the October 18, 2012, letter that was forwarded to NSID by Mr. Rigby and received by Ms. Reed satisfied the presentment requirement found in Idaho Code section 6-906. If this Court agrees with the district court that the manner in which the October 18, 2012, letter was delivered to NSID did not satisfy the presentment requirement of Idaho Code section 6-906, we must then consider CNW's alternative arguments relating to: (1) when the 180 day time period for filing claims began to run; and (2) whether NSID is estopped from asserting lack of notice as a defense.

**A. The delivery of the notice of tort claim to NSID's secretary satisfied the presentment requirement of Idaho Code section 6-906.**

3

The dispositive issue presented by this appeal is whether CNW complied with the requirements of Idaho Code section 6-906 when Ms. Reed received the notice of tort claim after CNW sent it to NSID in care of Mr. Rigby. The district court, relying heavily on and quoting extensively from *Turner v. City of Lapwai*, 157 Idaho 659, 339 P.3d 544 (2014), found that CNW had failed to comply with the notice requirements of the ITCA. CNW argues that it complied with the requirement in sending the claim to NSID because Mr. Rigby was serving as NSID's attorney and because he forwarded the notice to NSID's secretary. We agree.

Idaho Code section 6-906 provides,

> All claims against a political [subdivision] arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

Irrigation districts are included in the definition of political subdivisions. I.C. § 6-902(2). "No claim or action shall be allowed against a governmental entity … unless the claim has been presented and filed within the time limits prescribed by" the ITCA. I.C. § 6-908.

The purposes of the ITCA notice requirement are to "(1) save needless expense and litigation by providing for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the [governmental entity's] liability, if any, and (3) allow the [governmental entity] to prepare defenses." *Pounds v. Denison*, 120 Idaho 425, 426–27, 816 P.2d 982, 983–84 (1991) (quoting *Farber v. State of Idaho*, 102 Idaho 398, 401, 630 P.2d 685, 688 (1981)). Idaho Code section 73-102 instructs that "[t]he compiled laws establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed, with a view to effect their objects and to promote justice." Thus, this Court has consistently taken "a liberal approach to interpreting the notice requirement of the ITCA." *Doe v. Durtschi*, 110 Idaho 466, 474, 716 P.2d 1238, 1246 (1986) (quoting *Farber*, 102 Idaho at 402, 630 P.2d at 689).

While Idaho Code section 6-906 requires that the notice of claim must be presented to and filed by the clerk or secretary of the political subdivision, the statute does not specify who must present the notice to the appropriate officer. This has resulted in litigation which has

4

required this Court to determine if the presentment requirement of the statute has been satisfied. In *Huff v. Uhl*, 103 Idaho 274, 647 P.2d 730 (1982), this Court held that the plaintiff complied with the notice requirement when he presented a repair estimate to the receptionist at an irrigation district. *Huff*, 103 Idaho at 277, 647 P.2d at 733. The receptionist took the estimate, presented it to the secretary, and then made copies of the estimate. *Id.* at 275, 647 P.2d at 731. Because the claim had been delivered to the secretary's office and "was brought to the immediate and personal attention of the secretary," this Court found that the plaintiff had met the notice requirement of the ITCA. *Id.* at 277, 647 P.2d at 733.

This Court recently revisited this issue in *Turner v. City of Lapwai*. There, the district court found that the plaintiff failed to comply with the notice requirement when the city clerk had not received the notice of the plaintiff's claim even though the claim had been communicated to other city officials. *Turner*, 157 Idaho at 663, 339 P.3d at 548. The plaintiff in *Turner* was a former city employee who was seeking unpaid wages from the city. *Id.* at 660, 339 P.3d at 545. In pursuing her claim, the plaintiff talked with an auditor who worked for the city, the mayor of the city, and a member of the city council. *Id.* at 661, 339 P.3d at 546. Upholding the decision of the district court, this Court noted that the notice had not been communicated to the clerk and the clerk did not know of the claim. *Id.* at 663, 339 P.3d at 548. Although we held that Idaho Code section 6-907 could not provide a basis for curing "a deficiency with respect to a requirement found elsewhere in the ITCA," this Court did not go so far as to say that the only way to comply with section 6-906 was to personally deliver a claim to the secretary. *Id.* at 664, 339 P.3d at 549.

Idaho Code section 6-906 requires presentment to the secretary but does not require formal service. Formal service is required elsewhere in the ITCA. *See* I.C. § 6-916. Because service is not expressly required by Idaho Code section 6-906 even though it is required in another context by Idaho Code section 6-916, we infer that the Legislature did not intend the presentment requirement of Idaho Code section 6-906 to include the formalities of service of process. This Court has consistently refused to interpret the notice requirement as requiring personal service by the claimant on the clerk or secretary. *Huff*, 103 Idaho at 277, 647 P.2d at 733; *Smith v. City of Preston*, 99 Idaho 618, 586 P.2d 1062 (1978). In *Smith*, this Court stated that "[w]e likewise reject the city's interpretation which would in effect require us to read into that language a negative pregnant that, except for those circumstances listed in the statute,

5

personal submission of the claim by the claimant himself is the sole and exclusive method of compliance." *Id*. at 624, 586 P.2d at 1068.

Here, CNW complied with the requirements of Idaho Code section 6-906. CNW sent the notice of tort claim to NSID in care of Mr. Rigby, who caused the notice to be delivered to Ms. Reed. We find the facts of this case to be similar to those in *Huff*. CNW's delivery of the notice to NSID's secretary by way of counsel is conceptually indistinguishable from the plaintiff's delivery of the notice by way of a receptionist in *Huff*.

NSID relies on *Turner* for the proposition that notice should be delivered directly to the secretary. That was not our holding in *Turner*. In *Turner*, the city clerk never received notice of the claim; here, NSID concedes that Ms. Reed received the tort claim notice. Because the claim was actually presented to the secretary, the presentment requirement of Idaho Code section 6-906 was satisfied.

To hold otherwise would require a claimant to personally deliver the notice of tort claim to the secretary of the irrigation district. We have specifically held that we will not read a negative pregnant into the statute which would require such service. This Court has consistently stated that the ITCA notice requirement should be liberally interpreted. We hold that the presentment requirement of Idaho Code section 6-906 is satisfied when the notice of tort claim is delivered to an employee or agent of the governmental entity who then delivers the notice to the clerk or secretary. This holding is in accord with the purposes of the presentment requirement of the statute.

**B. We do not address CNW's claims regarding the commencement of the 180 day period and that NSID is estopped from asserting a defense based on Idaho Code section 6-906.**

Because we find that the delivery of the notice of tort claim satisfied the requirements of the statute, we do not reach CNW's alternative arguments that the 180 day time period did not begin to run until December of 2012 or that NSID is estopped from asserting lack of notice as a defense.

**C. We award costs, but not attorney fees, to CNW.**

Both parties request an award of attorney fees and costs on appeal. CNW requests attorney fees under Idaho Code sections 12-121 and 12-117. NSID requests costs and fees under Idaho Code section 6-918A and/or Idaho Code section 12-117. Because NSID has not prevailed in this appeal, it is not entitled to an award of fees or costs.

6

Idaho Appellate Rule 40(a) provides that, "[c]osts shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of the court." I.A.R. 40(a). As the prevailing party, CNW is entitled to its costs on appeal.

This Court has held that Idaho Code section 6-918A is the exclusive statutory basis for an award of attorney fees under the ITCA. *Block v. City of Lewiston*, 156 Idaho 484, 490, 328 P.3d 464, 470 (2014). Because CNW has not claimed attorney fees under the correct section of the Idaho Code, it is not entitled to an award of attorney fees on appeal. *Polk v. Larrabee*, 135 Idaho 303, 315, 17 P.3d 247, 259 (2000).[1]

## IV. CONCLUSION

We vacate the judgment dismissing CNW's action and remand for further proceedings. We award costs on appeal to CNW.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

---

[1] Even if CNW had requested attorney fees under the correct code section, it would not have been successful. Idaho Code section 6-918A requires that a party seeking attorney fees show "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6-918A. There is simply no indication that NSID has defended this appeal in bad faith.