# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44625

SCOTT DAVISON and ANNE DAVISON,    )
   )     **Boise, December 2017 Term**
     Plaintiffs-Appellants,    )
   )     **2018 Opinion No. 40**
v.    )
   )     **Filed: April 24, 2018**
DEBEST PLUMBING, INC., an Idaho )
corporation,    )     **Karel A. Lehrman, Clerk**
   )
     Defendant-Respondent.    )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

The judgment of the district court is <u>affirmed in part</u>, <u>reversed in part</u>, and <u>remanded</u> for further proceedings.

Law Office of Vernon K. Smith, Boise, for appellants. Vernon K. Smith argued.

Cantrill, Skinner, Lewis, Casey & Sorensen, LLP, for respondent. Robert D. Lewis argued.

_____

HORTON, Justice.

Scott and Anne Davison appeal from the district court's order granting summary judgment in favor of DeBest Plumbing (DeBest). The Davisons brought this action to recover the cost of repairing their vacation home in McCall.

In 2012, the Davisons hired Gould Custom Builders, Inc. (Gould) to perform an extensive remodel of their vacation home. Gould hired DeBest as the plumbing subcontractor. A bathtub installed by DeBest developed a leak that caused significant damage before it was noticed and repaired. The Davisons sought damages based upon the contract between Gould and DeBest and for negligence. The district court granted DeBest's motion for summary judgment on the contract claims because the Davisons were not in privity of contract with DeBest. Later, the district court granted summary judgment in favor of DeBest on the negligence claim, finding that the Davisons had failed to comply with the requirements of the Notice and Opportunity to Repair

1

Act (NORA), Idaho Code sections 6-2501–2504. On appeal, the Davisons argue that they satisfied the requirements of NORA because DeBest received actual notice of the claim and sent a representative to inspect the damage. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Davisons are residents of California who own a vacation home in McCall, Idaho. In 2012, the Davisons entered into an oral contract with Gould to remodel the home. Gould hired DeBest as a subcontractor to perform the plumbing work. DeBest completed the plumbing work in the middle of June, 2013. The home was not occupied until the Davisons arrived for their summer vacation on July 25, 2013.

When the Davisons entered the home, they noticed significant water damage caused by a leak from a bathtub that DeBest had installed. The Davisons contacted Gould's principal, Gil Gould, to inform him of the damage. The next morning Gil Gould and a DeBest employee went to the home. The DeBest employee identified the leak, repaired it, and worked with Gil Gould to remove some water-damaged material. DeBest admitted that the leak was its fault and agreed to have Gould repair the home and promised to pay for those repairs.

Gould's bill for repairing the damage was $123,345.64. DeBest submitted the claim to its insurer. DeBest's insurance company hired an adjuster who estimated that the cost of repairs should have been $24,005.06. The Davisons and DeBest were unable to reach an agreement regarding the repair costs and the Davisons initiated this action on July 21, 2015.

In their complaint, the Davisons asserted that DeBest had breached its contract with Gould and several warranties connected with that contract. The Davisons also asserted that DeBest had been negligent in the installation of the bathtub and the water damage was the result of that negligence.

On February 24, 2016, DeBest moved for summary judgment, arguing that because the Davisons were not in privity of contract with DeBest they could not sue to enforce the contract between Gould and DeBest. DeBest also argued that a lack of privity barred the Davisons' negligence claim. The Davisons responded that privity was not required because NORA abrogated the privity requirement. The district court held that NORA did not abrogate the common law requirement of privity and granted summary judgment as to the contract claims. While the district court found that lack of privity prevented the Davisons from pursuing their

2

contractual claims, it held that privity was not a requirement for the negligence claim and partially denied DeBest's motion for summary judgment.

The Davisons then filed a motion for permissive appeal which the district court denied. This Court likewise denied the Davisons' motion for permissive appeal. The Davisons then filed a motion with the district court seeking confirmation that NORA applied to their action. The district court understood this as a motion for partial summary judgment regarding NORA. DeBest filed a motion for summary judgment arguing that the Davisons' negligence claim should be dismissed because the Davisons failed to comply with NORA.

After a hearing on the motions, the district court held that NORA applied to this action because the work undertaken on the vacation home could be considered a substantial remodel. The district court also held that the Davisons had failed to comply with the requirements of NORA and dismissed the case. The Davisons timely appealed.

## II. STANDARD OF REVIEW

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion." *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "The burden of establishing the absence of a genuine issue of material fact rests at all times with the party moving for summary judgment." *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009). "On review, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor." *CNW, LLC v. New Sweden Irr. Dist.*, 161 Idaho 89, 91, 383 P.3d 1259, 1261 (2016) (quoting *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995)). "If there is no genuine issue of material fact, 'only a question of law remains, over which this Court exercises free review.'" *Mendenhall*, 146 Idaho at 436, 196 P.3d at 354 (quoting *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)).

"An award of attorney fees pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1) will not be disturbed absent an abuse of discretion." *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 629, 329 P.3d 1072, 1077 (2014).

> When an exercise of discretion is involved, this Court conducts a three-step inquiry: (1) whether the trial court properly perceived the issue as one of

3

discretion; (2) whether that court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by the exercise of reason.

*Id.*

### III. ANALYSIS

The facts in this case are not in dispute. The parties agree that the damage to the Davisons' home resulted from a leak in plumbing installed by DeBest. The parties also agree that the Davisons did not serve written notice on DeBest that would satisfy the requirements of NORA set forth in Idaho Code section 6-2503(1). The only issues in this case relate to the district court's interpretation of NORA. The Davisons argue that NORA is inapplicable to this case. Alternatively, the Davisons argue that if NORA applies to their claims, they substantially complied with its requirements because DeBest received actual notice of the leak and had the opportunity to inspect the premises and that NORA abrogated the common law privity requirement for contractual claims. Finally, the Davisons argue that the district court erred when it awarded attorney fees to DeBest for the contract claims pursuant to Idaho Code section 12-121. We will address these arguments in turn.

**A. Any error resulting from the district court's application of NORA to this case was invited by the Davisons.**

Raising the issue for the first time on appeal, the Davisons argue that NORA does not apply to their claims. The district court held that NORA was applicable after the Davisons filed a "Motion to Confirm Implementation of the Provisions of the *Notice and Opportunity to Repair Act* Apply to Pending Lawsuit." Any error that may have been committed by the district court was invited by the Davisons.[1]

> Idaho law is well established that one may not successfully complain of errors one has consented to or acquiesced in. In other words, invited errors are not reversible. The doctrine of invited error applies to estop a party from asserting an error when his own conduct induces the commission of the error.

*Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009) (internal citations and quotations omitted). The district court's application of NORA was invited by the Davisons when

---

[1] While we do not consider the merits of invited errors, we note that NORA applies to claims for damages resulting from "a defect in the construction of a residence or in the substantial remodel of a residence." I.C. § 6-2502(1). "Substantial remodel" is defined as "a remodel of a residence, for which the total cost exceeds one-half (1/2) of the assessed value of the residence for property tax purposes at the time the contract for the remodel work was made." I.C. § 6-2502(9). Here, assessed value of the home in 2012 was $98,249.00. The remodel cost $427,436.77.

4

they filed their motion seeking to confirm NORA's application to this case. As any error was invited, we will not consider the Davisons' assertion that the district court erred by applying NORA.

**B. The district court erred when it granted DeBest's motion for summary judgment on the Davisons' negligence claim.**

The district court granted summary judgment to DeBest on the Davisons' negligence claim after finding that the Davisons failed to comply with the requirements of NORA because the Davisons failed to serve written notice of the defect on DeBest. The Davisons argue that they complied with NORA when they gave actual notice to DeBest and DeBest had an opportunity to inspect the defect and make a settlement offer. Alternatively, the Davisons argue that equitable principles excuse their compliance with NORA and that the district court erred when it failed to consider equity as an alternative to strict compliance with NORA. These arguments will be discussed in turn below.

**a. The Davisons satisfied the requirements of NORA when they gave DeBest actual notice and DeBest had an opportunity to inspect the defect.**

The district court granted DeBest's motion for summary judgment on the Davisons' negligence claims because the Davisons did not serve written notice on DeBest as required by Idaho Code section 6-2503(1). The district court agreed and granted DeBest's motion for summary judgment. The Davisons argue that they complied with the requirements of NORA because DeBest received actual notice of their claim and because DeBest sent an employee to inspect the property.

The requirements of NORA are found in Idaho Code sections 6-2501–2504. Idaho Code section 6-2503(1) provides that:

> Prior to commencing an action against a construction professional for a construction defect, the claimant shall serve written notice of claim on the construction professional. The notice of claim shall state that the claimant asserts a construction defect claim against the construction professional and shall describe the claim in reasonable detail sufficient to determine the general nature of the defect. Any action commenced by a claimant prior to compliance with the requirements of this section shall be dismissed by the court without prejudice and may not be recommenced until the claimant has complied with the requirements of this section.

I.C. § 6-2503(1). After receipt of the notice, the construction professional has twenty-one days to respond. I.C. § 6-2503(2). In its response, the construction professional may request to inspect the damage and then "offer to remedy the defect, compromise by payment, or dispute the claim."

5

I.C. § 6-2503(2) (a). "The purpose of [NORA] is to give contractors the opportunity to fix construction defects before a lawsuit is filed." *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008).

In this case, it is undisputed that the Davisons failed to serve written notice as defined by NORA. I.C. § 6-2502(8) (" 'Serve' or 'service' means personal service or delivery by certified mail to the last known address of the addressee.") The Davisons called Gould and sent Gould an email to let it know of the water damage. Gould in turn alerted DeBest. On July 26, 2013, Gil Gould and an employee from DeBest went to the Davisons' vacation home to inspect the damage and repair the leak that caused the damage. DeBest then admitted responsibility for the leak and promised to pay for Gould to repair the damage. The Davisons argue that because DeBest received actual notice of the defect, had the opportunity to inspect the defect, and offered to pay to fix the damage, further compliance with the requirements of NORA would have been meaningless and strict compliance should be excused. We agree.

As we have already observed, "[t]he purpose of [NORA] is to give contractors the opportunity to fix construction defects before a lawsuit is filed." *Mendenhall*, 146 Idaho at 436, 196 P.3d at 354. "The law does not require useless acts from litigants as prerequisites to seeking relief from the courts." *Ware v. Idaho State Tax Comm'n*, 98 Idaho 477, 483, 567 P.2d 423, 429 (1977) (quoting *Van Gammeren v. City of Fresno*, 124 P.2d 621, 623 (Cal. Dist. Ct. App. 1942)).

We note the similarity between the notice requirement of NORA and that found in the Idaho Tort Claims Act (ITCA). Idaho Code section 6-906 requires that all claims against a political subdivision "shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6-908. Notwithstanding the language that requires a claim be presented and filed with the secretary of a political subdivision, this Court has held the requirements of the ITCA are satisfied when the secretary receives notice of a claim even though it was not presented directly to the secretary. *CNW, LLC v. New Sweden Irr. Dist.*, 161 Idaho 89, 93, 383 P.3d 1259, 1263 (2016).

In *CNW*, the plaintiff brought suit after a sinkhole formed under its parking lot. *See id.* After discovering that the sinkhole was likely formed by water from a nearby canal leaking into

an abandoned sewer line, the plaintiff sent notice of its pending claim to the irrigation district's attorney. *Id.* at 90, 383 P.3d at 1260. The irrigation district's attorney then forwarded the notice to the irrigation district's secretary who filed the notice and sent a letter to the plaintiff confirming receipt of the notice. *Id.* The district court in *CNW* granted a motion for summary judgment in favor of the irrigation district after finding that the plaintiff had failed to comply with the requirements of the ITCA when the plaintiff sent its notice of tort claim to the irrigation district's attorney rather than the secretary as required by statute. *Id.* On appeal, this Court reversed and remanded, holding that the requirements of the ITCA are satisfied "when the notice of tort claim is delivered to an employee or agent of the governmental entity who then delivers the notice to the clerk or secretary." *Id.* at 93, 383 P.3d 1263.

The facts of this case are similar to those in *CNW*. Like the plaintiff in *CNW* who failed to strictly comply with the notice requirements of the ITCA, the Davisons failed to strictly comply with the notice requirements of NORA. Also, like the irrigation district, DeBest did receive actual notice of the defect. In both cases, the objectives of the statutes were fulfilled by the actual notice received by the defendants. DeBest received actual notice of the defect, sent an employee to inspect the defect, and offered to settle the claim by paying to repair the damage. It is difficult to imagine what more could have been accomplished had the Davisons strictly complied with NORA. Service of written notice after DeBest had obtained actual notice of the defect and sent an employee to inspect the damage would have been a useless act.

DeBest argues that, despite its receipt of notice of the defect and the opportunity to inspect the damage in July, it did not receive notice of how extensive the damage was until it received a bill exceeding $100,000. DeBest argues that it should have received additional notice when it was discovered that the damage was more extensive than originally thought. Idaho Code section 6-2503(1) requires only that notice be provided of the construction defect and not of the damage resulting from that defect. "The notice of claim shall state that the claimant asserts a construction defect claim against the construction professional and shall describe the claim in reasonable detail sufficient to determine the general nature of the defect." I.C. § 6-2503(1). There is no statutory requirement that the construction professional be informed of the cost of remediating the defect. For these reasons, we hold that the district court erred when it granted DeBest's motion for summary judgment on the negligence claim.

7

**b. We do not consider whether the district court erred when it found that equitable remedies were unavailable to the Davisons in this case.**

After finding that the Davisons had failed to comply with the requirements of NORA, the district court held that equitable remedies were not available because, "equitable principles cannot supersede the positive enactments of the legislature." *Spencer v. Jameson*, 147 Idaho 497, 506, 211 P.3d 106, 115 (2009). The Davisons argue that the facts of this case are different from those in *Spencer* and that the district court erred in its reliance on *Spencer*. In light of our decision, this claim of error is rendered moot and we will not address this claim.

**C. The district court did not err when it held that NORA does not abrogate the common law requirement of privity for contractual claims.**

The Davisons brought breach of contract and breach of warranty claims against DeBest based on the contract DeBest entered into with Gould. The district court granted summary judgment in favor of DeBest, dismissing the Davisons' contractual claims based on a lack of privity between the parties. The Davisons contend that NORA abrogated the common law privity requirement and allows them to bring the contractual claims. "It is axiomatic in the law of contract that a person not in privity cannot sue on a contract." *Wing v. Martin*, 107 Idaho 267, 272, 688 P.2d 1172, 1177 (1984). "[W]hen interpreting a statute, this Court presumes the Legislature did not intend to change the common law unless the language of the statute clearly indicates otherwise." *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009). "The interpretation of a statute is a question of law that the Supreme Court reviews *de novo*." *Bright v. Maznik*, 162 Idaho 311, 314, 396 P.3d 1193, 1196 (2017) (quoting *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015)).

In this case, the Davisons' breach of contract and breach of warranty claims were based on a contract between DeBest and Gould to perform plumbing work during Gould's remodel of the Davisons' home. It is undisputed that the Davisons were not a party to this contract and not in privity of contract with DeBest. The Davisons argue that because the definition of "construction professional" includes subcontractors, NORA abrogates the common law privity requirements by allowing a claimant to bring a suit against a construction professional after the requirements of NORA have been met. Action is defined in NORA as:

> [A]ny civil lawsuit or action in contract or tort for damages or indemnity brought against a construction professional to assert a claim, whether by complaint, counterclaim or cross-claim, for damage or the loss of use of real or personal

property caused by a defect in the construction of a residence or in the substantial remodel of a residence.

I.C. § 6-2502(1). There is nothing in the language of NORA that creates a new cause of action. There is no language in NORA which clearly indicates legislative intent to change the common law requirement of privity. Therefore, the district court did not err when it dismissed the Davisons' contractual claims.

## D.  We vacate the award of attorney fees.

The district court granted DeBest attorney fees connected to its defense of the contract claims pursuant to Idaho Code section 12-121. Idaho Code section 12-121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Because we reverse the district court's decision to grant summary judgment on the negligence claim, there is not yet a prevailing party. Therefore, we vacate the district court's award of attorney fees.

## E.  Attorney Fees on Appeal.

Both parties request attorney fees on appeal. The Davisons request attorney fees pursuant to Idaho Code section 12-120(3) and Idaho Code section 6-2504(1) (d). DeBest requests attorney fees pursuant to Idaho Code section 12-121. Because both parties prevailed in part, there is no prevailing party in this appeal and we do not award attorney fees.

## IV. CONCLUSION

We affirm the district court's dismissal of the Davisons' contractual claims, we vacate the district court's grant of summary judgment on the negligence claims and award of attorney fees, and remand for further proceedings consistent with this opinion.

Chief Justice BURDICK, Justices JONES, BRODY, and BEVAN **CONCUR.**