**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 47849**

LOYD EUGENE WARE,

    Plaintiff-Appellant,

v.

CITY OF KENDRICK, a political subdivision
of the State of Idaho,

    Defendant-Respondent.

Boise, April 2021 Term

Opinion Filed: May 27, 2021

Melanie Gagnepain, Clerk

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County. John C. Judge, District Judge.

The judgment of the district court is <u>affirmed</u>.

Robert J. Van Idour, Lewiston, for appellant, Loyd E. Ware.

Sonyalee R. Nutsch, Clements, Brown & McNichols, P.A., Lewiston, for respondent, City of Kendrick.

_____

STEGNER, Justice.

This is an appeal brought by Loyd Eugene Ware (Ware) from the district court's order granting summary judgment in favor of the City of Kendrick (the City). Ware filed suit against the City alleging that in December 2016, a water pipe maintained by the City failed and flooded his property, causing damage. The City answered, claiming that Ware had failed to file a timely notice of tort claim within 180 days of the City's alleged negligence. Notice of a tort claim is a statutory prerequisite to filing suit against a governmental entity under Idaho Code section 6-906. The City moved for summary judgment which was granted by the district court. Ware timely appealed. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of December 17, 2016, a water main broke near Ware's home in Kendrick, Idaho. Ware's yard was flooded. Ware alleged that this flooding caused damage to his property.

On July 27, 2017, two hundred twenty-two days after the water main break, Ware provided

a notice of tort claim to the city clerk. The notice listed the date of incident as January 31, 2017. However, the parties agree that the date of the incident was December 17, 2016.

Ware filed suit against the City, alleging that the City failed to properly inspect and maintain its water system, causing the water main failure and Ware's subsequent damages. The City answered Ware's complaint asserting several affirmative defenses, one of which was that Ware had failed to file a notice of tort claim in the one hundred eighty-day time period required by Idaho Code section 6-906.

The City moved for summary judgment, arguing that because Ware did not file a notice of tort claim in compliance with Idaho Code section 6-906, Ware's claim should be barred. The flooding occurred on December 17, 2016, and the notice of tort claim was not filed until two hundred twenty-two days later. The City further argued that without compliance with the statute, the district court had no jurisdiction over Ware's action. The City's motion was supported by affidavits from the clerk of the City and the City's former mayor, attesting to the date of the incident and the date Ware filed his notice of tort claim with the City Clerk.

Ware's counsel filed a declaration contending that Ware had told him he had hand-delivered a notice of tort claim to the city clerk within six months of the water main break.[1] Ware did not file an accompanying memorandum in response to the City's motion.

The City filed a reply brief in support of its summary judgment motion. The City argued that Ware had failed to present any admissible evidence because the declaration from Ware's counsel consisted entirely of inadmissible hearsay. The City further contended that even if the contents of the declaration did not constitute hearsay, the fact Ware was asking the district court to accept was unreasonable. The City also objected to the affidavit in a separate filing on the same day.

During the hearing on the motion, the City argued first that the notice of tort claim was untimely, and that the declaration filed by Ware's counsel was not admissible and could not be considered by the district court. Ware's counsel argued in response that "the Court has broad powers to consider affidavits or declarations under the summary judgment procedures[.]" The district court held as a threshold matter that Ware's declaration was hearsay and inadmissible.

Ware's counsel proceeded to argue that sufficient legal notice was an element of the case, and that where there was a dispute of facts as to whether notice was given in a timely manner, the

---

[1] Even this declaration fails to detail when Ware purportedly delivered the required notice to the City Clerk.

issue should be decided by the trier of fact. Ware cautioned:

> I don't want to mislead the [c]ourt. We're not saying in any way that the tort claim form that's at issue was filed within the 180 days because it wasn't. Our contention is that there was sufficient filing and negotiation prior to that time, and that the City had notice.

Ware characterized the obligations of Idaho Code section 6-906 as a "hyper-technical request" by the City. When asked what "dispute of fact" existed if Ware acknowledged that the form had not been turned in on time, Ware's counsel replied, "I think the dispute would be whether or not, under the procedures that were followed by my client in his dealing with the City . . . if the City had sufficient notice, uh, and sufficient written documents that would stand in lieu of a tort claim."

The district court granted summary judgment for the City, holding that the requirements of section 6-906 served as a mandatory condition precedent to bringing suit. (Citing *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987)). The district court observed that the requirements under section 6-906 served as a jurisdictional limitation that could not be waived or overruled. Ware timely appealed.

## II.    STANDARD OF REVIEW

> In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Purdy v. Farmers Ins. Co. of Idaho*, 138 Idaho 443, 445, 65 P.3d 184, 186 (2003). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

*Estate of Becker v. Callahan*, 140 Idaho 522, 525, 96 P.3d 623, 626 (2004).

"This Court applies a de novo standard of review to questions of law." *Siercke v. Siercke*, 167 Idaho 709, 713, 476 P.3d 376, 380 (2020) (citing *Zeyen v. Pocatello/Chubbuck Sch. Dist. No. 25*, 165 Idaho 690, 694, 451 P.3d 25, 29 (2019)).

## III.    ANALYSIS

On appeal, Ware requests that this Court reverse the district court's grant of summary judgment and overrule *Avila v. Wahlquist*, 126 Idaho 745, 890 P.2d 331 (1995), and the subsequent holdings relying on *Avila*. The City contends that for clarity's sake, this issue should be broken into two parts: first, Ware's request that this Court overrule *Avila*; and second, Ware's contention

that the order granting summary judgment should be reversed. These issues are addressed in turn.

A. **This Court is not persuaded to overrule a long line of cases requiring compliance with the written notice requirement of the Idaho Tort Claims Act.**

Ware acknowledges that *Avila v. Wahlquist* governs the precise issue presented in this case, but asks this Court to examine its continuing viability, arguing that the previous line of cases—*Huff v. Uhl*, 103 Idaho 274, 647 P.2d 730 (1982), for example—more appropriately furthers the purpose of the Idaho Tort Claims Act (ITCA). Ware argues that the key provision is Idaho Code section 6-905, which sets forth that the intent of the Act is to "provide governmental entities with notice of a claim for damages, avoid needless litigation and allow the entity to prepare any defenses it may have as part of its evaluation." Ware contends that the case law prior to *Avila* "adhered more closely to the informative purposes of Idaho Code [section] 6-905." Ware's position is that requiring strict compliance with section 6-906 elevates "form over substance."

The City argues that Ware's request "is unsupported by the record, Idaho statutes, and Idaho Supreme Court precedent." The City further contends that Ware has failed to set forth a rationale for overruling established case law, and that Ware's argument consists of only conclusory statements without citation to the record. The City further contends that Ware's reliance on *Huff* to support his case is misplaced because unlike the plaintiff in *Huff*, Ware never brought a written demand to the City or notified the City or its insurance carrier of his intent to file a tort claim.

"It is a general precept of sovereign immunity that a governmental unit can be sued only upon its consent." *Univ. of Utah Hosp. & Med. Ctr. v. Twin Falls Cnty.*, 122 Idaho 1010, 1017, 842 P.2d 689, 696 (1992) (citing *American Oil Co. v. Neill*, 90 Idaho 333, 338, 414 P.2d 206, 209 (1966). The Idaho Legislature has abrogated sovereign immunity through the ITCA by specifying the circumstances under which the state and political subdivisions may be sued. *See generally* I.C. §§ 6-901 to 6-929. One prerequisite is timing: "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6-908. Idaho Code section 6-906 further defines the timing for filing a tort claim against a political subdivision with respect to notice to the entity itself:

> All claims against a political [subdivision] arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6-906.[2]

This Court has advanced three purposes for the timing requirement for presenting a notice of claim to the political subdivision: "(1) save needless expense and litigation by providing an opportunity for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses." *Dodge v. Bonners Ferry Police Dep't*, 165 Idaho 650, 655, 450 P.3d 298, 303 (2019), *cert. denied*, 140 S. Ct. 1167 (2020) (quoting *Cobbley v. City of Challis*, 138 Idaho 154, 157, 59 P.3d 959, 962 (2002)).

> The ITCA defines a "claim" as
>
> any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment.

I.C. § 6-902(7). Idaho Code section 6-907 requires that claims accurately describe "the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known," and contain the amount of damages claimed. I.C. § 6-907. Inaccuracies in a timely claim will not invalidate its timeliness unless the governmental entity was prejudiced by the inaccuracies. *Id.* ("A claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby.")

This Court has made it clear that the ITCA requires *written* notice. "[E]ven if the state entity is aware of the underlying conduct or incident, actual notice is not enough—claimants must give written notice of their claim." *Bliss v. Minidoka Irrigation Dist.*, 167 Idaho 141, 154, 468 P.3d 271, 284 (2020); *see also Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 487, 887 P.2d 29, 32 (1994) (holding that plaintiff's son-in-law's verbal notification to an agent of the defendant did not constitute notice of a claim). "[T]he failure to file a claim in accordance with Section 6-906 bars that claim even if the relevant political subdivision was not prejudiced by the failure." *Turner*

---

[2] Ware cites Idaho Code section 6-905 as the "key provision" in this case. However, section 6-905 deals with notice to the *state* or *state employees*, rather than political subdivisions such as a city. Idaho Code section 6-906 deals with political subdivisions. The two sections are identical except for the references to the target of the claim. *Compare* I.C. § 6-906, *with* I.C. § 6-905. Ware's characterization of section 6-905 as the "key provision" is therefore inapt to this case.

*v. City of Lapwai*, 157 Idaho 659, 664–65, 339 P.3d 544, 549–50 (2014).

In accordance with these requirements, this Court has interpreted sections 6-905 and 6-906 in examining whether a written demand has been presented within the statutory time period.[3] Few cases deviate from this interpretation, and those that appear to depart from it have been subsequently abrogated or distinguished. One abrogated case is *Huff*, 103 Idaho at 274, 647 P.2d at 730. There, Huff sued a dump truck driver employed by the Minidoka Irrigation District after a car accident. Within the time limit for notice under the ITCA, Huff brought several written repair estimates to the Minidoka Irrigation District and presented them to the receptionist, who made copies and conversed with the irrigation district's secretary about the matter. *Id.* at 275, 647 P.2d at 731. Huff also had several communications with the irrigation district's insurance carrier about his claim. *Id.* On appeal, this Court appears to have found that Huff had adequately complied with the notice provisions because the written estimates fit the definition of a written demand under section 6-902(7), and because the actions of the irrigation district and its insurance carrier confirmed the fact of having received notice. *Id.* at 276, 647 P.2d at 732.

Years later, this Court acknowledged in *Turner v. City of Lapwai*, 157 Idaho 659, 664, 339 P.3d 544, 549 (2014), that the reasoning in *Huff* was unclear. In particular, the *Turner* court noted that if the estimates Huff brought to the irrigation district had *not* fit the definition of a written demand, *Huff* would be incorrect as a matter of law. *See Turner*, 157 Idaho at 664, 339 P.3d at 549. To the extent that the *Huff* court relied on section 6-907 to cure a deficiency of a *non-written* demand, *Turner* expressly abrogated *Huff*. *See id.*

Other cases that depart from a strict interpretation of the written demand requirement have involved facts going to the question of the ITCA's applicability to the defendant entity. *See Hollingsworth v. Thompson*, 160 Idaho 13, 20, 478 P.3d 312, 319 (2020). In *Hollingsworth*, despite diligent inquiries, the plaintiff was unable to determine that the defendant was in fact a county-owned hospital—i.e., a political subdivision, and thus subject to the ITCA notice requirements—because of the county's misleading filings with the Secretary of State. *Id.* This Court applied the equitable doctrine of quasi-estoppel to preclude the county hospital from asserting the ITCA's notice requirements as an affirmative defense, because the hospital had held itself out to be a

---

[3] *See, e.g.*, *Bliss*, 167 Idaho at 154, 468 P.3d at 284; *Dodge*, 165 Idaho at 655, 450 P.3d at 303, *cert. denied*, 140 S. Ct. 1167 (2020); *Turner*, 157 Idaho at 662, 339 P.3d at 547; *Blass v. Cnty. of Twin Falls*, 132 Idaho 451, 453, 974 P.2d 503, 505 (1999); *Friel*, 126 Idaho at 487, 887 P.2d at 32; *Pounds v. Denison*, 120 Idaho 425, 427, 816 P.2d 982, 984 (1991); *Stevens v. Fleming*, 116 Idaho 523, 531, 777 P.2d 1196, 1204 (1989).

private business in its business filings with the Secretary of State.[4] *Id.* at 23, 478 P.3d at 322. In so doing, this Court noted that it has "taken a 'liberal approach to interpreting the notice requirement of the ITCA'" to 'avoid thwarting meritorious claims on nonmeritorious grounds.'" *Id.* at 20–21, 478 P.3d at 319–20 (quoting *Doe v. Durtschi*, 110 Idaho 466, 474, 716 P.2d 1238, 1246 (1986)).

Additional cases have examined the role of insurance carriers in relation to the notice requirement. This Court has concluded that mere communication with the defendant's insurance carrier does not satisfy the notice requirements of the ITCA; however, a plaintiff's insurance carrier can file a notice of tort claim on behalf of the plaintiff. *See Friel*, 126 Idaho at 487, 887 P.2d at 32; *Smith v. City of Preston*, 99 Idaho 618, 623, 586 P.2d 1062, 1067 (1978); *see also Avila*, 126 Idaho at 746, 890 P.2d at 332.

In *Avila,* plaintiff Avila was involved in a car accident with a vehicle being driven by a State employee. Within a week after the accident, an insurance adjuster hired by the State's Bureau of Risk Management visited Avila's home to take her statement and photograph her vehicle. 126 Idaho at 746–47, 890 P.2d at 332–33. The insurance adjuster subsequently mailed Avila a copy of a notice of tort claim form and a letter explaining that to proceed with a claim, she would need to fill out and file the form within the statutory time period. *Id.* at 747, 890 P.2d at 333. Avila filed a tort claim notice nine months after the accident, followed by a complaint for damages against the State. *Id.* The State successfully moved for summary judgment on the grounds that Avila had failed to file a timely tort claim notice. *Id.* On appeal, this Court affirmed, distinguishing *Huff* by pointing out that Avila had entirely failed to present any written demand to the State entity itself. *Id.* at 748, 890 P.2d at 334.

We find Ware's characterization of this Court's case law incorrect. *Avila* did not mark this Court's break from a more liberal approach in *Huff*. Rather, the *Avila* court distinguished *Huff* from the instant facts based on the difference between the respective plaintiffs' actions in bringing written notice to the attention of the government entity. *See Avila*, 126 Idaho at 748, 890 P.2d at 334. *Huff* appears to reflect the leniency provided by section 6-907 with respect to minor

---

[4] This Court has noted "that there are situations where it is appropriate to apply equitable remedies against a state agency[.]" *Hollingsworth*, 478 P.3d at 320. For this reason, our case law suggests that the notice requirement is not jurisdictional and that a court may apply equitable principles in these claims. Further, the ITCA was largely modeled after the Federal Tort Claims Act. *See Walborn v. Walborn*, 120 Idaho 494, 501, 817 P.2d 160, 167 (1991). The United States Supreme Court has made clear that the timing requirements associated with filing a notice of tort claim against the federal government are non-jurisdictional and are therefore subject to equitable tolling. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

7

deficiencies in a written claim presented within the statutory time period, and this Court has disavowed any other holding from *Huff*. *See Turner*, 157 Idaho at 664, 339 P.3d at 549.

Nor has Ware provided any sort of argument as to why this Court should deviate from its line of cases requiring compliance with the written notice requirement for the ITCA. "In Idaho, 'the rule of stare decisis dictates that we follow [controlling precedent] unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice.'" *Farm Bureau Mut. Ins. Co. of Idaho v. Cook*, 163 Idaho 455, 459–60, 414 P.3d 1194, 1198–99 (2018) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)) (alteration in original). Ware has not provided any argument or authority as to why compliance with the written notice requirements has proven over time to be unjust or unwise, or should be relaxed "to vindicate plain, obvious principles of law and [to] remedy continued injustice." *Id.*

Finally, "[t]he ITCA is a limited waiver by the State of its sovereign immunity, allowing tort claims arising out of certain circumstances *so long as certain procedures are observed*." *Bliss*, 167 Idaho at 150, 468 P.3d at 280 (citing *Dodge*, 165 Idaho at 654, 450 P.3d at 302) (italics added). These procedures are codified in statute. This Court "must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Fell v. Fat Smitty's LLC*, 167 Idaho 34, 38, 467 P.3d 398, 402 (2020). If the legislature had seen fit to relax the notice of claim requirement, it presumably would have done so. We decline to do so judicially in this case in contravention of well-established precedent.

## B. The district court properly granted summary judgment.

The City moved for summary judgment on the basis that Ware had not timely filed a notice of tort claim. Ware's response was only to file a declaration by his counsel in which he stated:

> I have been told by my client that he hand carried a letter to the Kendrick City Hall that addressed the water main accident that caused flooding on his property, from a city owned and maintained water system. He has searched diligently for that letter or a copy thereof and has not found that. He further informs me that he took this letter to City Hall prior to the end of the six month period after the water main break. He further informs me that he left this letter with the City of Kendrick staff at the City Hall during regular business hours.

The City moved to strike this declaration as inadmissible hearsay. Ware did not file any response to the motion to strike but argued at the summary judgment hearing that there was sufficient foundation for his declaration.

The district court ruled that the declaration filed by Ware's counsel was inadmissible hearsay, and therefore declined to consider it for purposes of summary judgment. The district court then noted there was no dispute that the City Clerk did not receive the notice of tort claim until two hundred twenty-two days after the incident and granted the City's motion for summary judgment.

On appeal, Ware has not argued that the district court abused its discretion in striking the declaration of his counsel. The City's response is that on the record before the district court, and considering its evidentiary ruling, no genuine issue of material fact existed as to Ware's lack of compliance with the notice requirements of the ITCA.

The evidence in the record relating to Ware's compliance with the ITCA notice requirements is the declaration from the City Clerk, the declaration from the former mayor, and the notice that was filed in July 2017. The City has met its burden of showing an absence of a genuine issue of material fact with respect to Ware's compliance with the ITCA. Conversely, Ware has been unable to identify facts in this record to establish that a genuine issue of material fact exists. Ware has also not challenged the district court's evidentiary decision striking his counsel's declaration. Ultimately, Ware failed to file a timely notice of tort claim. Although he has argued that we should change the law to allow previous conversations and dealings with the City to meet the notice requirement, he has not provided any evidence or argument that under present precedent he complied with the notice requirement. Accordingly, the district court properly granted summary judgment against him, and we affirm the district court's decision and the judgment entered.

## IV. CONCLUSION

For the reasons stated, we affirm the district court's decision granting summary judgment against Ware. Costs, as a matter of right, are awarded to the City.

Chief Justice BEVAN, Justices BURDICK, BRODY, and MOELLER CONCUR.